UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Aida Butler, | ) | Civil Action No.:_____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| The JG Wentworth Company, JG | ) | |
| Wentworth Home Lending, n/k/a | ) | |
| Freedom Mortgage Corporation, and | ) | |
| Freedom Mortgage Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action brought by the Plaintiff, Aida Butler, for actual, statutory and punitive damages, attorney's fees, and costs for Defendants' violations of the Fair Credit reporting Act, 15 U.S.C. § 1681 *et seq,* ("FCRA"), and Defendant Freedom Mortgage Corporations' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has Jurisdiction under 15 U.S.C. §1681p, 15 U.S.C. §1692k, 28 U.S.C. §1331, and 28 U.S.C. §1332.

3.      Venue is proper in the Florence Division because the Plaintiff resides in Horry County and the Defendants transacted business in this division.

## PARTIES

4.      The Plaintiff, Aida Butler, is a resident and citizen of the State of South Carolina,

1

Horry County, and is over the age of twenty-one (21) years.

5.    Defendant The JG Wentworth Company, whose corporate status is unknown to Plaintiff, may be served with process by way of its CEO, Randy Sellari, at its corporate headquarters, 1200 Morris Dr., Chesterbrook, PA 19087. Defendant The JG Wentworth Company was, in all respects, doing business in South Carolina at all times alleged herein.

6.    Defendant JG Wentworth Home Lending n/k/a Freedom Mortgage Corporation (hereinafter referred to as "JG Wentworth Home Lending") is a New Jersey corporation that may be served with process by way of its registered agent, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Defendant was doing business in the State of South Carolina.

7.    Defendant Freedom Mortgage Corporation (hereinafter referred to "Freedom Mortgage") is a New Jersey corporation that may be served with process by way of its registered agent, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223. In all respects and at all times relevant herein, Defendant was doing business in the State of South Carolina.

8.    The actions of Defendant JG Wentworth Home Lending n/k/a Freedom Mortgage were, upon information and belief, done for the benefit and/or at the behest of Defendant The JG Wentworth Company.

9.    The actions set forth herein were done by each Defendant on behalf of, in the name of, and/or for the benefit of, each of its co-Defendants.

2

## FACTUAL ALLEGATIONS

10.    In 2018, Plaintiff financed her home by way of PennyMac. On February 1, 2018, PennyMac transferred Plaintiff's mortgage to JG Wentworth Home Lending which was, at the time, a subsidiary of The JG Wentworth Company. At the time of transfer, the account number on Plaintiff's mortgage ended in 8398 ("8398 account").

11.    On or about August 2, 2019, Freedom Mortgage acquired JG Wentworth Home Lending from The JG Wentworth Company. At the time JG Wentworth Home Lending was acquired by Freedom Mortgage, Plaintiff's loan was still being serviced by JG Wentworth Home Lending.

12.    On or about September 30, 2019, Plaintiff received a letter from Freedom Mortgage stating that the servicing of Plaintiff's mortgage had been transferred from JG Wentworth Home Lending to Freedom Mortgage. Said letter instructed Plaintiff to begin sending her monthly mortgage payments to Freedom Mortgage on November 1, 2019. As a result of the transfer of Plaintiff's mortgage to Freedom Mortgage, her account number changed to one ending in 7827 ("7827 account").

13.    In compliance with the September 30, 2019 Freedom Mortgage letter, Plaintiff timely made her October, 2019 payment to JG Wentworth Home Lending.

14.    On or about October 31, 2019, Plaintiff received correspondence from Freedom Mortgage on the 7827 account which indicated that it was the current servicer of Plaintiff's mortgage and that it required proof of flood insurance from Plaintiff.

15.    In November, 2019, Plaintiff began to make her monthly mortgage payments to

Freedom Mortgage as instructed. However, JG Wentworth Home Lending, at the behest of and on behalf of itself and The JG Wentworth Company, continued to report the 8398 account to the credit reporting agencies under the JG Wentworth name.

16.    On or about November 18, 2019, Plaintiff received correspondence from JG Wentworth Home Lending regarding the 8398 account (which had been transferred to Freedom Mortgage and was now the 7827 account). In this letter, JG Wentworth Home Lending asserted that Plaintiff had not made her November mortgage payment and was now past due. In fact, Plaintiff had made her November, 2019 mortgage payment to Freedom Mortgage as per the above-mentioned instruction.

17.    On or about December 2, 2019, Plaintiff received a second letter from Freedom Mortgage relating to the 7827 account which indicated that it required proof of flood insurance from Plaintiff.

18.    Also, on or about December 2, 2019, Plaintiff received a letter from JG Wentworth Home Lending concerning the 8398 account which indicated that Plaintiff had not made her November or December payments on her mortgage. In fact, Plaintiff had made both payments to Freedom Mortgage as per Freedom Mortgage's instruction.

19.    On or about December 11, 2019, Plaintiff received correspondence from JG Wentworth Home Lending concerning the 8398 account. JG Wentworth Home Lending asserted that Plaintiff's missed payments provided JG Wentworth Home Lending the right to invoke foreclosure and provided a number of assistance programs. Again, Plaintiff was not behind on her mortgage and, at this point, did not even have a mortgage

with JG Wentworth Home Lending.

20. On or about December 17, 2019, Plaintiff received correspondence from JG Wentworth Home Lending which indicated that she was in default on her mortgage. This correspondence was sent despite JG Wentworth Home Lending's previous transfer of Plaintiff's mortgage to Freedom Mortgage and despite Plaintiff having made her monthly payments to Freedom Mortgage. As of December 17, 2019, Plaintiff was current on her mortgage.

21. On or about December 23, 2019, Plaintiff received correspondence from JG Wentworth Home Lending on the 8398 account. JG Wentworth Home Lending continued to assert that Plaintiff was two payments behind on her mortgage. Again, Plaintiff was current on her mortgage and, at the time of this letter, did not even have a mortgage with JG Wentworth Home Lending.

22. Thereafter, Plaintiff received a Form 1098 from Freedom Mortgage indicating that Freedom Mortgage had acquired Plaintiff's mortgage on September 27, 2019.

23. On or about January 2, 2020, Plaintiff received another notice from Freedom Mortgage on the 7827 account concerning the necessity of providing proof of flood insurance to Freedom Mortgage. Freedom Mortgage stated that it would purchase flood insurance on its own if it did not receive proof of insurance from Plaintiff within fifteen days as flood insurance was required by the terms of Plaintiff's loan contract.

24. Also, on or about January 2, 2020, Plaintiff received correspondence from JG Wentworth Home Lending on the 8398 account. JG Wentworth Home Lending continued

to assert that Plaintiff was delinquent on her mortgage. At the time of this letter, Plaintiff was current on her mortgage and had been making payments to Freedom Mortgage on the 7827 account.

25.    On or about January 6, 2020, Plaintiff received a letter from JG Wentworth Home Lending relating to the 8398 account which stated that she had defaulted on her loan obligation and that she had the right to cure the default by forwarding $2,704.35 to JG Wentworth Home Lending. At the time of the January 6, 2020, Plaintiff was not behind on her loan and had timely made her loan payments to Freedom Mortgage.

26.    On or about January 13, 2020, Plaintiff received yet another letter from JG Wentworth Home Lending on the 8398 account, which continued to assert that Plaintiff was behind on her mortgage.

27.    On or about February 18, 2020, Plaintiff received a copy of her Equifax credit report. JG Wentworth Home Lending was reporting Plaintiff's 8398 mortgage as a negative account to Plaintiff's Equifax credit report. Specifically, JG Wentworth Home Lending was reporting that Plaintiff was 90-119 days past due and that there was a past due balance on the account in the amount of $2,747.00. JG Wentworth Home Lending also reported 30- and 60-day lates on the account. These 30- and 60-day lates were reported as having occurred after October, 2019. At the same time that JG Wentworth Home Lending was reporting Plaintiff's 8398 mortgage as past due, Freedom Mortgage was reporting the same mortgage to Equifax as current and never late. In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due to Equifax at

the same time that Freedom Mortgage, which had acquired JG Wentworth Home Lending in August, 2019, was reporting the very same mortgage as current and never late.

28.    On or about February 18, 2020, Plaintiff received a copy of her Experian credit report. JG Wentworth Home Lending was reporting Plaintiff's mortgage as a negative account to Plaintiff's Experian credit report. Specifically, JG Wentworth Home Lending was reporting $2,747.00 past due on her mortgage and one 30- and two 60-day lates on the account. These 30- and 60-day lates were reported as having occurred after October, 2019.  At the same time that JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting the mortgage to Experian as "open/never late". In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due to Experian at the same time that Freedom Mortgage, which had acquired JG Wentworth Home Lending in August, 2019, was reporting the very same mortgage as "open/never late".

29.    On or about February 18, 2020, Plaintiff received a copy of her Trans Union credit report.  JG Wentworth Home Lending was reporting Plaintiff's mortgage as a negative account to Plaintiff's Trans Union credit report. Specifically, JG Wentworth Home Lending was reporting that Plaintiff was 90 days past due on her mortgage. JG Wentworth Home Lending reported that Plaintiff's mortgage was $2,747.00 past due. JG Wentworth Home Lending was reporting that Plaintiff was 30-, 60-, and 90-days late on her mortgage since December, 2019. At the same time that JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due to Trans Union, Freedom Mortgage was

reporting the mortgage to Trans Union as "Current; Paid or Paying as Agreed" and with payments having been made in November, 2019, December, 2019, and January, 2020. In other word, JG Wentworth Home Lending was reporting the Plaintiff's mortgage as past due at the same time that Freedom Mortgage, which had acquired JG Wentworth Home Lending in August, 2019, was reporting the very same mortgage as "Current; Paid or Paying as Agreed".

30.    After receipt of her credit reports, on or about March 2, 2020, Plaintiff immediately sent the dispute forms to Equifax and Experian concerning JG Wentworth Home Lending's negative reporting of a mortgage. Plaintiff also sent a dispute letter to TransUnion concerning JG Wentworth Home Lending's negative reporting of a mortgage. Plaintiff's disputes were forwarded by Equifax, Experian and Trans Union to Defendant JG Wentworth.

31.    On or about March 5, 2020, Plaintiff received a verification of mortgage from Freedom Mortgage concerning the 7827 account. The verification provided by Freedom Mortgage stated that Plaintiff's mortgage was current, had not been late in 2020, and had not been late in 2019.

32.    On or about March 6, 2020, Plaintiff received two letters from Freedom Mortgage concerning an account ending in 5277 ("5277 account"). The first letter indicated that the 5277 account had been transferred from JG Wentworth Home Lending to Freedom Mortgage as of March 2, 2020. The second letter indicated that Plaintiff's loan had been placed in collections. Plaintiff did not have a second mortgage, or any account

whatsoever, with JG Wentworth Home Lending to be transferred in March, 2020. The only mortgage that Plaintiff ever had with JG Wentworth Home Lending was the 8398 account, which was transferred to Freedom Mortgage in September, 2019.

33.    On or about March 12, 2020, Plaintiff received a notice from Freedom Mortgage indicating that she was behind on the 5277 account and that she owed $4,585.08. Again, Plaintiff only had one mortgage – the 7827 account – and was current on same.

34.    On or about March 16, 2020, Plaintiff was denied a Spirit Airlines World Mastercard by Bank of America due to "current or past delinquency with one or more of [Plaintiff's] creditors". At the time, the only negative account appearing on Plaintiff's credit reports was the inaccurately and negatively reported mortgage by JG Wentworth Home Lending.

35.    On or about March 18, 2020, Plaintiff sent correspondence to Freedom Mortgage concerning the 7827 account and the 5277 account. Plaintiff stated that she did not have two mortgages and that she was current on her mortgage as was correctly being reflected by the 7827 account. Plaintiff requested that Freedom Mortgage stop reporting a delinquent mortgage to her credit report. Plaintiff further stated that Freedom Mortgage was reporting an incorrect principal balance on her mortgage and asked for same to be corrected.

36.    On or about March 20, 2020, Plaintiff received correspondence from Freedom Mortgage concerning the 5277 account. Freedom Mortgage stated that it required proof of insurance from Plaintiff. Again, the 5277 account reflected a second, allegedly

delinquent, mortgage which Plaintiff did not have. Plaintiff's mortgage, reflected by the 7827 account, was current.

37.    On or about March 25, 2020, Plaintiff received correspondence from Freedom Mortgage indicating that it was reviewing Plaintiff's "inquiry" concerning the 5277 account.

38.    On or about March 26, 2020, Plaintiff received the results of Defendant JG Wentworth's alleged investigation into the dispute Plaintiff mailed to Trans Union. JG Wentworth Home Lending updated its reporting to include that the mortgage had been transferred to another lender and continued to report Plaintiff's mortgage as a negative account. Specifically, JG Wentworth Home Lending reported the mortgage as 120 days past due. JG Wentworth Home Lending also reported the account with 30-, 60-, and 90-day lates in December, 2019, January, 2020, and February, 2020, respectively. At the same time that JG Wentworth Home Lending was reporting the mortgage as past due, Freedom Mortgage reported the mortgage to Trans Union as "Current; Paid or Paying as Agreed" with payments having been made on time since October, 2019. In other words, JG Wentworth Home Lending was reporting the Plaintiff's mortgage as past due at the same time that Freedom Mortgage, which had acquired JG Wentworth Home Lending in August, 2019, was reporting the very same mortgage as "Current; Paid or Paying as Agreed" and without negative remarks.

39.    On or about March 27, 2020, Plaintiff received correspondence from Freedom Mortgage indicating that it needed proof of flood insurance relating to the 7827 account.

40.     On or about April 2, 2020, Plaintiff received correspondence from Freedom Mortgage indicating that it had reviewed Plaintiff's inquiry concerning the 5277 account and that same was being reported accurately to the credit reporting agencies. Again, Plaintiff only had one mortgage – the 7827 account – and any reporting of the 5277 account was, *de facto*, incorrect as the 5277 account was non-existent.

41.     On or about April 3, 2020, Plaintiff sent correspondence to Freedom Mortgage concerning proof of insurance. Plaintiff stated that she only had one account and that Freedom Mortgage's request for insurance relating to the 5277 account was improper as she only had one loan – the 7827 account. Plaintiff stated that the 5277 account had been "completely fabricated" and that she only had one loan, which was current. Plaintiff provided proof of insurance with her correspondence.

42.     On or about April 9, 2020, Plaintiff received correspondence from Freedom Mortgage which indicated it was researching Plaintiff's inquiry directed to the insurance department. This letter was in relation to the 7827 account.

43.     On or about April 10, 2020, Plaintiff received correspondence from Freedom Mortgage on the 7827 account stating that it was cancelling the flood insurance it had previously placed on Plaintiff's property.

44.     On or about April 15, 2020, Plaintiff received correspondence from Freedom Mortgage confirming it had cancelled its force-placed flood insurance on Plaintiff's property in regard to the 7827 account. Regarding the 5277 account, Freedom Mortgage indicated that its records showed the account was paid in full on April 5, 2020. Again, the

5277 account was non-existent and was, therefore, never paid in full.

45.    On or about April 23, 2020, Plaintiff received the results of Defendant JG Wentworth's alleged investigation into the dispute Plaintiff mailed to Equifax. JG Wentworth Home Lending continued to negatively report Plaintiff's mortgage to Equifax. JG Wentworth Home Lending reported Plaintiff's mortgage as "Over 120 days past due". At the same time that JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting the mortgage to Equifax as "Pays as Agreed" and without any negative notations. In other words, JG Wentworth Home Lending was reporting the Plaintiff's mortgage to Equifax as past due at the same time that Freedom Mortgage, which had acquired JG Wentworth Home Lending in August, 2019, was reporting the very same mortgage as "Pays as Agreed" and without negative remarks.

46.    On or about May 27, 2020, Plaintiff sent a second dispute to Equifax concerning JG Wentworth Home Lending's negative reporting of her mortgage. Upon information and belief, Equifax forwarded Plaintiff's dispute to Defendant. Plaintiff did not receive investigation results from Equifax relating to any alleged investigation conducted by Defendant JG Wentworth in response to Plaintiff's June 13, 2020 dispute.

47.    On or about June 11, 2020, Plaintiff sent a second dispute to Trans Union concerning JG Wentworth Home Lending's negative reporting of her mortgage. Trans Union forwarded Plaintiff's dispute to Defendant.

48.    On or about July 7, 2020, Plaintiff received the results of Defendant JG

12

Wentworth's alleged investigation into her June 11, 2020 Trans Union dispute. JG Wentworth Home Lending continued to report Plaintiff's mortgage as 120 days past due to Trans Union and with 30-, 60-, and 90-day lates in December, 2019, January, 2020, and February, 2020, respectively. At the same time that JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting Plaintiff's mortgage as "Current; Paid or Paying as Agreed" without negative notation and showing timely payments having been made every month since November, 2019. In other words, JG Wentworth Home Lending was reporting the Plaintiff's mortgage to Trans Union as past due at the same time that Freedom Mortgage, which had acquired JG Wentworth Home Lending in August, 2019, was reporting the very same mortgage as "Current; Paid or Paying as Agreed" without negative remarks.

49.     On or about August 12, 2020, Plaintiff sent a third dispute to Trans Union concerning JG Wentworth Home Lending's negative reporting of her mortgage. In this dispute, Plaintiff stated that the JG Wentworth Home Lending account was wrongly reporting as a negative, past due account, and that JG Wentworth Home Lending was not servicing her mortgage at the time of the alleged late payments JG Wentworth Home Lending was reporting. Plaintiff further stated that the account was being reported twice on her Trans Union credit report – once by JG Wentworth Home Lending and once by Freedom Mortgage – and that she only had one mortgage. Plaintiff stated that the Freedom Mortgage account was the loan that was originated with JG Wentworth Home Lending and subsequently transferred to Freedom Mortgage. Plaintiff pointed out that the

Freedom Mortgage account was correctly being reported as a current account and that the JG Wentworth Home Lending account was wrongfully being reported as late from December, 2019 to February, 2020. Trans Union forwarded Plaintiff's dispute to Defendant.

50.     On or about September 1, 2020, Plaintiff sent a dispute to Experian concerning JG Wentworth Home Lending's negative reporting of her mortgage, as well as Freedom Mortgage's reporting of an inaccurate balance on Plaintiff's mortgage. In this dispute, Plaintiff stated that JG Wentworth Home Lending was wrongfully reporting her mortgage as 90 days past due. Plaintiff stated that JG Wentworth Home Lending had transferred the only mortgage she has to Freedom Mortgage on November 1, 2019. Plaintiff stated that after the mortgage had been transferred to Freedom Mortgage, all payments had been made to Freedom Mortgage and that no payments were due to JG Wentworth Home Lending after November 1, 2019. Plaintiff requested that JG Wentworth Home Lending's negative reporting be corrected as JG Wentworth Home Lending was not servicing her mortgage at the time it claimed her account was delinquent. Plaintiff also disputed Freedom Mortgage's reporting of her mortgage as Freedom Mortgage was reporting an inaccurate balance. Experian forward Plaintiff's dispute to Defendants.

51.     On or about September 1, 2020, Plaintiff sent a third dispute to Equifax concerning JG Wentworth Home Lending's negative reporting of her mortgage as well as Freedom Mortgage's reporting an inaccurate balance on Plaintiff's mortgage. In this dispute, Plaintiff stated that JG Wentworth Home Lending was reporting her mortgage as

120 days past due, and that the mortgage was not past due. Plaintiff stated that her "one and only" mortgage had been transferred to Freedom Mortgage as of November 1, 2019 and that all payments had been made thereafter to Freedom Mortgage. Plaintiff requested that the negative information being reported by JG Wentworth Home Lending be removed from her Equifax credit report as JG Wentworth Home Lending was not servicing her mortgage at the time of the alleged delinquency. Plaintiff also disputed Freedom Mortgage's reporting of her mortgage as Freedom Mortgage was reporting an inaccurate balance. Equifax forwarded Plaintiff's dispute to Defendants.

52.    On or about September 17, 2020, Plaintiff received the results of Defendant's alleged investigation into her August 12, 2020, dispute sent to Trans Union. JG Wentworth Home Lending continued to report the account as 120 days past due and continued to report the account with 30-, 60-, and 90-day lates for December, 2019, January, 2020, and February, 2020, respectively. At the same time as JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting the very same mortgage as "Current; Paid or Paying as Agreed" with no delinquent payments from November, 2019, to the date of the report. In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due while, at the same time, Freedom Mortgage was correctly reporting the very same mortgage as "Current; Paid or Paying as Agreed" and without any missed payments.

53.    On or about September 24, 2020, Plaintiff received the results of Defendants' alleged investigation into her September 1, 2020 dispute sent to Equifax.  JG Wentworth

15

Home Lending continued to incorrectly report the 8398 account as 120 days past due. At the same time as JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting the very same mortgage as current, "Pays as Agreed." In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due while, at the same time, Freedom Mortgage was reporting the very same mortgage as "Pays as Agreed" and without any missed payments. Despite Plaintiff's dispute, Freedom Mortgage continued to report Plaintiff's mortgage with an incorrect balance.

54.    On or about September 29, 2020, Plaintiff received the results of Defendants' alleged investigation into her September 1, 2020 dispute sent to Experian. JG Wentworth Home Lending continued to report the account as being 30-, 60-, and 90-days late. At the same time as JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting Plaintiff's Mortgage as "Open/Never Late". In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due while, at the same time, Freedom Mortgage was reporting the very same mortgage as "Open/Never Late". Additionally, Freedom Mortgage continued to report Plaintiff's mortgage with an incorrect balance.

55.    On or about October 1, 2020, Plaintiff sent a fourth dispute to Trans Union concerning Defendant's reporting of her mortgage to her Trans Union credit report. In this dispute, Plaintiff stated that JG Wentworth Home Lending transferred her mortgage to Freedom Mortgage on November 1, 2019. Plaintiff stated that since that transfer, all

payments had been timely made to Freedom Mortgage. Plaintiff stated that JG Wentworth Home Lending was continuing to report late payments in December, 2019, January, 2020, and February, 2020, and that no payments were due to JG Wentworth Home Lending at these times as her mortgage had already been transferred to Freedom Mortgage. Plaintiff stated that JG Wentworth Home Lending's reporting of her mortgage was incorrect and requested that the reporting of her mortgage as late from December, 2019 to February, 2020, was incorrect and hurting Plaintiff's credit. With this dispute, Plaintiff included a copy of the September 30, 2019, letter from Freedom Mortgage which stated that servicing of Plaintiff's mortgage was being transferred from JG Wentworth Home Lending to Freedom Mortgage and that all payments after November 1, 2019, were to be made to Freedom Mortgage. Trans Union forwarded Plaintiff's dispute to Defendant.

56.    On or about October 1, 2020, Plaintiff sent a Qualified Written Request to Freedom Mortgage in which she stated that her mortgage had been reporting with an incorrect balance since same had been transferred from JG Wentworth Home Lending. Plaintiff requested a complete payment history on her loan and for the principal balance of her loan to be corrected.

57.    On or about October 7, 2020, Plaintiff received correspondence from Freedom Mortgage which confirmed that it had received her October 1, 2020 letter and requested Plaintiff allow thirty days for their response.

58.    On or about October 13, 2020, Plaintiff sent a second dispute to Experian

17

concerning Defendants' reporting of her mortgage to her Experian credit report. In this dispute, Plaintiff stated that JG Wentworth Home Lending was continuing to wrongfully report her mortgage as 120 days past due. Plaintiff stated the account was transferred to Freedom Mortgage on November 1, 2019. Plaintiff stated that all payments from November 1, 2019 to the present had been timely made to Freedom Mortgage. Plaintiff stated that JG Wentworth Home Lending's reporting of late payments in December, 2019, January, 2020, and February, 2020 was incorrect as no payments were due to JG Wentworth Home Lending after November 1, 2019. With her dispute, Plaintiff included a copy of the September 30, 2019 letter from Freedom Mortgage which stated that servicing of Plaintiff's mortgage was being transferred from JG Wentworth Home Lending to Freedom Mortgage and that all payments were to be made after November 1, 2019 to Freedom Mortgage. Plaintiff also disputed Freedom Mortgage's reporting of the balance of her mortgage, stating that the correct balance should be $171,873.51. Experian forwarded Plaintiff's dispute to Defendants.

59.    On or about October 13, 2020, Plaintiff sent a fourth dispute to Equifax concerning Defendants' reporting of her mortgage to her Equifax credit report. In this dispute, Plaintiff stated that JG Wentworth Home Lending was continuing to wrongfully report her mortgage as 120 days past due. Plaintiff stated that the account had been transferred to Freedom Mortgage and that all payments from November 1, 2019 to the present had been timely made to Freedom Mortgage. Plaintiff stated that JG Wentworth Home Lending's reporting of late payments in December, 2019, January, 2020, and

February, 2020, was inaccurate as no payments were due to JG Wentworth Home Lending during those months as the mortgage had been transferred and payments were made to Freedom Mortgage. With her dispute, Plaintiff included a copy of the September 30, 2019 letter from Freedom Mortgage which stated that servicing of Plaintiff's mortgage was being transferred from JG Wentworth Home Lending to Freedom Mortgage and that all payments were to be made after November 1, 2019 to Freedom Mortgage. Plaintiff also disputed Freedom Mortgage's reporting of her balance, stating that the correct balance on her mortgage was $171,873.51. Equifax forwarded Plaintiff's dispute to Defendants.

60.    On or about November 4, 2020, Plaintiff received the results of Defendants' alleged investigations into her October 1, 2020 dispute sent to Trans Union. JG Wentworth Home Lending continued to report Plaintiff's mortgage as 120 days past due and that the mortgage was 30-, 60-, and 90-days past due in December, 2019, January, 2020, and February, 2020, respectively. At the same time as JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting the very same mortgage as "Current; Paid or Paying as Agreed" with no delinquent payments from November, 2019 to the date of the report. In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due while, at the same time, Freedom Mortgage was correctly reporting the very same mortgage as "Current; Paid or Paying as Agreed" and without any missed payments.  Freedom Mortgage also verified the reported balance on Plaintiff's mortgage which was reporting incorrectly.

61.     On or about November 4, 2020, Plaintiff received the results of Defendants' alleged investigation into her October 13, 2020 dispute sent to Experian. JG Wentworth Home Lending continued to report Plaintiff's mortgage as 120 days past due and that the mortgage was 30-, 60-, 90-, and 120- days late in December, 2019, January, 2020, February, 2020, and March, 2020, respectively. At the same time that JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting the mortgage as "Open/Never Late". In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due while, at the same time, Freedom Mortgage was reporting the very same mortgage as "Open/Never Late" and without any missed payments. Additionally, Freedom Mortgage verified its reporting of Plaintiff's mortgage with an inaccurate balance.

62.     On or about November 17, 2020, Plaintiff received the results of Defendants' alleged investigation into her October 13, 2020 dispute sent to Equifax. JG Wentworth Home Lending continued to report Plaintiff's mortgage as over 120 days past due and that the mortgage was 30-, 60-, 90-, and 120-days late in November, 2019, December, 2019, January, 2020, and November, 2020, respectively. At the same time that JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due, Freedom Mortgage was reporting Plaintiff's mortgage as "Pays as agreed". In other words, JG Wentworth Home Lending was reporting Plaintiff's mortgage as past due while, at the same time, Freedom Mortgage was reporting the very same mortgage as "Pays as agreed" and without any missed payments. Additionally, Freedom Mortgage verified its reporting

20

of an inaccurate balance on Plaintiff's mortgage.

63.    On or about November 17, 2020, Plaintiff received correspondence from Freedom Mortgage which indicated that it was continuing to research Plaintiff's balance inquiry and that it anticipated providing Plaintiff a response by December 8, 2020.

64.    Due to the actions of Defendants, Plaintiff's credit score fell from 778 in November, 2019, to 652 on February, 13, 2020. The damage to Plaintiff's credit score and credit report caused her to be denied credit, and to suffer anxiety, worry, fear, loss of sleep, family discord, anger, fright, physical pain and sickness, and mental anguish. Additionally, the damage to Plaintiff's credit score precluded her from seeking further credit opportunities and also caused her to not receive offers of credit.

65.    Defendant Freedom Mortgage is a debt collector as the term is defined by the FDCPA, 15 U.S.C 1692a(6).

## COUNT ONE
### (Violation of the Fair Credit Reporting Act)

66.    Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 10 through 65 as if set forth fully herein.

67.    Defendants violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation as to the accuracy of the information reported by the Defendants to the consumer reporting agencies.

68.    On at least one occasion within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and

properly conduct an investigation after receiving notice that the Plaintiff disputed the information said Defendants had provided to a consumer reporting agency.

69.    On at least one occasion within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

70.    As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(A) and (B), Plaintiff suffered actual damages, including but not limited to: damage to reputation and credit reputation, denial of credit, lost credit opportunities, embarrassment, humiliation, anxiety, loss of sleep, anger, worry, physical sickness and pain, and mental anguish.

71.    The law in this District, the Fourth Circuit, and even nationally has long ago been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a consumer reporting agency.

72.    The violations by Defendants were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

73.    Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendant in an amount to be determined by a jury pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO
### (Fair Credit Reporting Act)

74.    The Plaintiff adopts the averments and allegations of paragraphs 10 through 73

hereinbefore as if fully set forth herein.

75.     On one or more occasions within the past two years, by example only and without limitation, Defendants violated 15 U.S.C. §1681s-2(b)(1)(C) and (D) by publishing the Defendants' inaccuracies within Plaintiff's credit files without also including a notation that this debt was disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

76.     Defendants violated 15 U.S.C. §1681s-2(b)(1)(C) by reporting inaccurate, incomplete, false, and misleading results of the investigation, if any, to at least one consumer reporting agency.

77.     Defendants violated 15 U.S.C. §1681s-2(b)(1)(D) by failing to notify all consumer reporting agencies that the reporting of the account the subject of this action was inaccurate, incomplete, false, and misleading.

78.     Specifically, Defendants failed to add a Compliance Condition Code when responding to ACDVs received from the credit reporting agencies.

79.     Defendants knew that Plaintiff disputed the subject account on at least one occasion directly with Defendants and their agents.

80.     The Plaintiff's disputes were, at a minimum, *bona fide*.

81.     As a result of Defendants' violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), the Plaintiff suffered actual damages, including but not limited to: damage to her credit and credit reputation, lost credit opportunities, and incurred out of pocket losses. Additionally, Plaintiff suffered humiliation, anxiety, loss of sleep, anger, worry, physical

sickness and pain, and mental anguish, as well as damages for attorneys' fees.

82.     The violations by Defendants were willful, rendering it liable for punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. §1681n.  In the alternative, Defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

83.     The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorneys' fees, pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE
### (Violation of the Fair Debt Collection Practices Act)

84.     Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 10 through 83 as if set forth fully herein.

85.     Defendant Freedom Mortgage is a debt collector as that term is defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6).

86.     Defendant Freedom Mortgage violated §1692e by making false and misleading representations to the Plaintiff.  At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false.  Said representations made by Defendant were made recklessly, willfully, and/or intentionally.

87.     Defendant Freedom Mortgage violated 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, and/or legal status of an alleged debt.

88.     Defendant Freedom Mortgage falsely represented or implied that nonpayment of

the debt would result in the foreclosure of the property when such action was not lawful and/or when the Defendant did not intend to take such action in violation of §1692e(4).

89.    Defendant Freedom Mortgage threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

90.    Defendant Freedom Mortgage violated 15 U.S.C. 1692e(8) by communicating information to the credit reporting agencies which it knew, or should have known, to be false.

91.    Defendant Freedom Mortgage failed to communicate that a disputed debt was disputed in violation of §1692e(8).

92.    Defendant Freedom Mortgage violated 15. U.S.C. 1692e(10) by using false representations and/or deceptive means to collect an alleged debt.

93.    Defendant Freedom Mortgage violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

94.    The actions of Defendant Freedom Mortgage caused Plaintiff to suffer anxiety, fear, loss of sleep, anger, fright, physical pain and sickness, and mental anguish, for which Plaintiff seeks an award of damages. Plaintiff also seeks an award of attorneys' fees and costs as provided for by 15 U.S.C. §1692k(a)(3).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants for the following:

A.    Actual and statutory damages from Defendants pursuant to 15 U.S.C.

§1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.    Punitive damages from Defendants pursuant to 15 U.S.C. §1681n(a)(2);

C.    Costs and reasonable attorney's fees from Defendants pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2);

D.    For relief in amounts or other appropriate relief as may be determined by the Court pursuant to 15 U.S.C. §1692 to include Plaintiff's actual damages, statutory damages of one thousand ($1,000.00) dollars from Defendant Freedom Mortgage for its violations of the FDCPA, as well as attorney's fees and costs;

E.    For this matter to be heard by a jury; and

F.    For such other and further relief as this Court deems necessary and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley, Fed.  ID No.  10323

/s/ William K. Geddings
William K. Geddings, Fed.  ID No. 12584
Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

26

**<u>DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:</u>**

The JG Wentworth Company
c/0 Randy Sellari -CEO
1200 Morris Dr.
Chesterbrook, PA 19087

JG Wentworth Home Lending n/k/a Freedom Mortgage Corporation
c/o C T Corporation System – Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223

Freedom Mortgage Corporation
c/o C T Corporation System – Registered Agent
2 Office Park Court, Suite 103
Columbia, SC 29223